OriNiON by
Packel, J.,
At his nonjury trial the appellant was convicted of possessing narcotics and possessing a firearm after conviction of a crime of violence. The only real issue presented is whether the evidence supports the factfinder’s determination.
After receiving information from an informant, the arresting officer conducted two consecutive days of daylight surveillance. On twelve to fourteen different occasions during those two days he saw persons enter the building vestibule, return to the sidewalk, receive a key dropped by the appellant from the second floor front apartment, reenter the building and then depart after a short while. On the day following this surveillance the officer returned to execute a search warrant and found the appellant just outside the building. Using keys which he obtained from the appellant, the officer entered the apartment.
*344 A search of a bedroom bureau drawer produced the following items: a pistol, ammunition, a rent receipt card and a medical assistance card with the name of Theodore Denby and a medical assistance card in the appellant’s name. Seventy-two glassine envelopes of heroin were found in a closet in a man’s sport coat that appeared to be too small for the appellant.
In reviewing whether the evidence was sufficient to prove the appellant guilty beyond a reasonable doubt we are required to give the Commonwealth the benefit of all favorable testimony and every reasonable inference derived therefrom rather than making our own independent appraisals of a cold trial record. Commonwealth v. Gray, 441 Pa. 91, 271 A. 2d 486 (1970). Under the circumstances of this case the factfinder could find that the appellant was in exclusive control of the premises during the surveillance period and at the time of the search. This conclusion of fact is particularly supported by his acts of admitting a steady stream of persons to the apartment, together with his possession of the keys. We believe that under the circumstances of this case the discovery of heroin in the apartment together with the many separate occasions, within two days, of a key being dropped to give admission, warrants the inference that the persons calling at the apartment did so in order to conduct transactions involving the drugs possessed by the appellant.[1]
The judgments of sentence are affirmed.

 The presence of the appellant’s medical assistance identification card in the drawer containing the pistol would warrant the factfinder in this case in concluding that appellant’s possession of the apartment included possession of the pistol. The factual determination of appellant’s possession was not precluded by the unexplained existence or identity of a person whose name was used in the original leasing of the apartment. •